IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1997 SESSION



**FILED**

**August 22, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9607-CR-00290 |
| | ) | |
| Appellee | ) | DAVIDSON COUNTY |
| | ) | |
| V. | ) | HON. THOMAS H. SHRIVER, JUDGE |
| | ) | |
| CHARLES E. MILLER | ) | (Sentencing) |
| | ) | |
| Appellant | ) | |
| | ) | |

FOR THE APPELLANT

Thomas H. Miller
P.O. Box 681662
Franklin, Tennessee 37068-1662

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Victor S. Johnson, III
District Attorney General

John C. Zimmerman
Assistant District Attorney General

Pamela Anderson
Assistant District Attorney General
Washington Square
222 Second Avenue N., Suite 500
Nashville, Tennessee 37201-1649

OPINION FILED:_____

AFFIRMED AS MODIFIED

William M. Barker, Judge

<u>Opinion</u>

The appellant, Charles E. Miller, appeals as of right the sentences he received following his *nolo contendere* pleas to one count of forgery and one count of theft. He argues on appeal that the trial court erred in ordering his incarceration in the Department of Correction, rather than ordering alternative sentencing. We have reviewed the record on appeal, and finding no reversible error, we affirm the trial court's judgment as modified herein.

The appellant was indicted for one count of forgery and one count of theft, both Class D felonies. <u>See</u> Tenn. Code Ann. §§ 39-14-105(3) and 39-14-114(c) (1991). Pursuant to a plea bargain agreement with the State, the appellant entered pleas of *nolo contendere* to both counts in exchange for concurrent eight-year sentences, the maximum sentence for a Range II multiple offender. The plea bargain agreement provided that the trial court would determine the manner of service of those sentences. Accordingly, on March 7, 1996, the trial court conducted a sentencing hearing, following which it ordered that the appellant serve those sentences in the Tennessee Department of Correction.

In ordering the appellant's incarceration, the trial court stated:

> We have two offenses that seem to be part of a pattern, a larger pattern involving a number of other persons. It's not clear to me how the cases are interrelated or -- or who is the most culpable. In the whole thing, what it does appear is that [the appellant] is now thirty-seven or thirty-eight years old and can't demonstrate he's ever held a job. While his main criminal activity occurred mainly fifteen or so years ago, nevertheless, he has a record that throws him necessarily in range two.
> I guess where I fall with this is, the General is right about it, that the two eight year sentences, range two, concurrently, is a proper sentence. And so given this record, I don't -- I really can't much justify doing anything else. So that will be the sentence.

When an appellant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d)

2

(1991). The burden of showing that the sentence is improper is upon the appealing party. Id. at Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

During the sentencing hearing, the assistant district attorney, without any evidentiary support, argued that the appellant was a participant in a forgery scheme involving several others. It is apparent that the trial court considered the State's argument and gave it great weight in its sentencing decision. Therefore, on appeal, the presumption that the sentence is correct must fail, and we will conduct a *de novo* review of the record. See Tenn. Code Ann. § 40-35-210(g) (Supp. 1996).[1]

Our *de novo* review of the record on appeal convinces us that the trial court correctly denied the appellant alternative sentencing in lieu of incarceration. The appellant, sentenced as a Range II multiple offender, is not statutorily presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6) (Supp. 1996).

We find that confinement is necessary to protect society from the appellant because he has a long history of criminal conduct. See Tenn. Code Ann. § 40-35-103(1)(A) (1990). The appellant's extensive criminal record includes three armed robbery convictions, one fraudulent use of a credit card conviction, one burglary conviction, one escape from the Department of Correction conviction, one conviction for possession of drug paraphernalia, two DUI convictions, and several driving violations. We also find that measures less restrictive than confinement have been unsuccessfully applied in the past to the appellant. See Tenn. Code Ann. § 40-35-103(1)(C). It appears that the appellant, on two earlier occasions, was placed upon

---

[1]Tennessee Code Annotated, section 40-35-210(g) provides that "[a] sentence must be based on evidence in the record of the trial, the sentencing hearing, the presentence report, and the record of prior felony convictions filed by the District Attorney General as required by §40-35-202(a)."

probation and in each instance his probation was subsequently revoked. It further appears that the appellant was serving a third sentence on probation for a DUI conviction when the present offenses occurred.

Finally, we note that the judgment form of the trial court in the appellant's theft case, being case number 95-C-2130 in the Davidson County Criminal Court, incorrectly finds the appellant guilty of forgery rather than theft, and further, the judgment form indicates the appellant's conviction for a Class C felony rather than a Class D felony for which appellant was indicted. Accordingly, we direct that the trial court enter a corrected judgment indicating that the appellant was found guilty of theft in an amount greater than one thousand dollars ($1,000) but less than ten thousand dollars ($10,000) and that the offense is a Class D felony.

Based upon the foregoing, the judgment of the trial court is affirmed as modified.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JERRY L. SMITH, JUDGE